THE CITY OF MUSCATINE *v.* STECK.

Under section one of the act entitled "An act to amend the charter of the city of Muscatine," approved January 22, 1853, (Laws of 1853, 137), whenever a justice of the peace takes cognizance of cases arising under the ordinances of the city, in consequence of the absence of the mayor from the city, or of his inability to act as a justice, the absence of the mayor, or his inability to act, must be made to appear upon the docket of the justice, in order to confer jurisdiction upon the justice.

As the act entitled "An act regulating appeals from justices of the peace and mayors in criminal cases," approved January 28, 1857, embraces causes before justices, as well as those before mayors, so the act entitled "An act providing for appeals in criminal cases," approved January 29, 1857, must be regarded as embracing the latter as well as the

former; and as the latter act was passed subsequently to the other act named, it repeals the seventh section of the act of January 28, 1857, which provides for writs of error to the supreme court, in criminal cases.

*Appeal from the Muscatine District Court.*

MONDAY, APRIL 4.

The defendant was complained of for keeping a disorderly house, under the ordinances of the city of Muscatine. The offense was cognizable by the mayor. The transcript, which is the only paper to guide the court in the case, is signed, " S. Burgesser, acting mayor and justice of the peace." This recites that the defendant " filed a motion to dismiss, which motion was overruled." The defendant being convicted, he appealed; and the record of the district court recites that he moved to dismiss the cause, " for reason that S. Burgesser, the person who signed his name to the papers in the case, and who tried said case as acting mayor, had not jurisdiction of, and had no authority to hear and determine said case, which motion was overruled, and the judgment of said acting mayor was affirmed." This is assigned as error.

*Cloud & Vanhorne*, for the appellant.

*G. S. Hebb*, for the appellee.

WOODWARD, J.—The defendant argues, that whilst by chapter 78 of the acts of 1853, 137, a justice of the peace may act in the capacity of a justice for the trial of offences, in case of the absence or inability of the mayor, yet when he does so act, the absence or inability of the mayor, must be made to appear upon the docket. Such being the provision of the act, he contends that this not appearing, the justice has not shown his authority to act, and in this view we concur.

The plaintiff urges that the error is not made to appear by this motion, and the transcript. In other words, how does it appear that Burgesser was not the mayor, but was acting as a justice, in his place. He signs the proceedings as "acting mayor," &c., as before stated. The transcript is certified by "J. G. Stein, mayor, and ex. off. jus. peace." The trial was on the 17th of July, 1857, and the transcript, so signed by Stein, was filed October 13th, 1857. Then, by referring to the act of 1852–3, we find that provision is made for an absence of the mayor, in respect to two classes of his duties. In regard to his duties as mayor properly, the council may appoint a president *pro tempore*, who may preside, and sign ordinances, warrants, &c. And in regard to his duties as a justice, any other justice of the peace, of the township, may act in his place. In both cases, the absence, or inability of the mayor, is to appear in the act done. It further appears from the charter, (Acts 1850–1, 59), that the mayor is elective in the month of March, and from section 20, that a vacancy is to be filled by the council, by appointment of record. From these things, we infer that Burgesser was acting in the place of the mayor, Stein being the incumbent of that office; and this being so, it was essential that he should show, upon his record, the facts which gave him authority to act.

But the prosecution suggests that the defendant is not properly in this court, for the reason that section 7 of the act of 28th of January, 1857, (Acts 1857, 304), provides that such causes shall be brought to the supreme court by writ of error. This objection would prevail, were it not that the act of the 29th of January, 1857, provides that all criminal causes may be brought up by appeal. And as the act of January 28th embraces causes before justices, (and therefore, under the general law of the state), as well as those before mayors, (and therefore, sometimes, at least, under ordinances); so the act of January 29th must be regarded as embracing the latter, as well as the former. As that of the 29th was passed subsequently to the other act

named, it repeals the seventh section of that, as being in conflict with the last act.

For the reasons before given, the judgment will be reversed.