## Richard Elliott v. Owen Dudley.

A Circuit Judge has no jurisdiction of proceedings for the commitment of a defend-
ant, in exoneration of special bail, unless copies of the bail piece are presented
to him, as the basis of his action, as required by the statute. It is not suffi-
cient that copies of the recognizance of special bail are presented, instead of the
bail piece.

*Heard April 6th.    Decided April 11th.*

Certiorari to the Circuit Judge of the Seventh Judicial
Circuit.

From the return to the certiorari, it appears that on
the thirty-first day of January, 1859, there was presented
to the Circuit Judge of said seventh circuit, two certified
copies of the recognizance of special bail, taken May 3,
1856, in a cause pending in the Circuit Court for the county
of Ingham, between Richard Elliott, as plaintiff, and Owen
Dudley, as defendant, entered into by Horace Green and
John O. Hinkley, conditioned that if the defendant should
be condemned in said action, he should pay the judgment,
or render himself into the custody of the sheriff of Ing-
ham, for the same, and if he failed so to do, the sureties
should pay the judgment for him.  Upon one of these
certified copies, said Circuit Judge endorsed an order that
said Dudley be committed to the custody of the sheriff
of Ingham county, in exoneration of his bail.

August 5th, 1859, on a certificate of the sheriff of Ing-
ham county being presented to said Circuit Judge, showing
that on February 8th, 1859, said Dudley was committed
in pursuance of the before mentioned order, the Judge
made a further order, citing said Elliot to appear before
him the fourth Tuesday of August, 1859, to show cause
why said bail should not be exonerated from their liability
as such.  On which day the parties respectively appeared,
and said Elliott objected, among other things:

1. This is a cause pending in the fourth judicial circuit,
and the Judge of the seventh circuit can have no jurisdic-

tion or power in the matter, without cause affirmatively shown.

2. The original surrender was not made upon a copy of the bail piece, as required by statute; and the omission is not explained.

The said Circuit Judge notwithstanding made an order that said sureties be discharged and exonerated from all liability as such sureties, and Elliott sued out this writ of certiorari.

*J. W. Longyear*, for plaintiff in error.

*A. & E. Gould*, for defendant in error.

CHRISTIANCY J.:

Several errors are assigned in this cause, but as the second is sufficient to dispose of the cause for want of jurisdiction, we do not propose to express an opinion upon the others.

Whether the Circuit Judge of the seventh judicial circuit could, within his own circuit, take jurisdiction of the proceedings for the discharge of bail upon a surrender of the principal, in an action pending in the fourth judicial circuit, is a question which admits of much doubt. The language of the statute (*Comp. L.* § 4152), if not limited by the nature of the proceedings or the objects of the jurisdiction, is broad enough to admit of a construction conferring the power. But we have been wholly unable to discover any reason in the nature of the proceedings, or the object to be attained by them, which would call for such an enactment, or *require* such a construction. Considered with reference to the reasons for the proceeding, and the rights and convenience of parties, there would seem to be very strong reasons for confining the jurisdiction of the Circuit Judges in such cases to their respective circuits. And the bail may always take the principal into the circuit where the action is pending, by virtue of

the bail piece alone, in every case where the order of a Judge would authorize him to be taken there and delivered to the sheriff.

But conceding the power of the Judge of the seventh circuit to take cognizance, within his own circuit, of the proceedings for the surrender of the defendant, and the discharge of his special bail, in an action pending in the fourth circuit, did he acquire jurisdiction of those proceedings in this particular case?

The whole proceeding for the surrender of a defendant by his bail in a civil cause, and for their discharge in consequence of such surrender, is special, regulated by, and entirely dependent upon the statute. The officer before whom the proceedings take place has no authority except what the statute gives him. And if the case presented does not come within all the requisites prescribed by the statute, he has no jurisdiction. And every thing necessary to confer jurisdiction must affirmatively appear upon the record. — *Wight v. Warner*, 1 *Doug. Mich.* 384; *Clark v. Holmes*, *Ibid.* 390; *Chandler v. Nash*, 5 *Mich.* 409.

The statute (*Comp. L.* § 4153) provides that "the proceedings to effect such surrender shall be as follows:" and then proceeds to establish specifically and minutely the mode of proceeding, and among other things requires:

1st. That "there shall be produced to the officer" two copies of the "*bail piece*," upon one of which his order of commitment is required to be endorsed. 2d. That the order discharging the bail (when granted) shall be endorsed on the second copy "of the *bail piece*." 3d. That this last copy of the "*bail piece*," with the proceedings and order endorsed thereon, and having attached to it the certificate of the sheriff, &c., "shall be immediately filed in the office of the clerk of the court; and until so filed the liability of the bail shall continue."

If the statute had left it in doubt, whether the "recognizance of special bail" might or might not be the

ELLIOTT v. DUDLEY.

instrument referred to, as the "*bail piece*," or if it had not clearly distinguished between them, there might possibly be some ground for contending that copies of the "*recognizance*" might satisfy the statute requirement of copies of the "*bail piece*."

But the statute (*Comp. L.* §§ 4134 and 4135) very clearly distinguishes between the two instruments; gives, *in extenso*, the form of each, and declares that each shall be in substance in the form which it prescribes. And so far from being identical, either in form or substance, they are entirely different in both. The recognizance is a written acknowledgment, before an officer, of the liability of the bail to the plaintiff in a certain contingency, and for the plaintiff's benefit; and is to be filed in the court where the action is pending. The bail piece is an instrument which the bail have a right to demand of the officer taking the recognizance, stating that the principal is delivered to the bail. It is the evidence of their right to his custody; it is delivered to them, and not filed in court, unless upon a surrender of the principal as above stated. There is therefore, no possible ground for confounding the identity of the two instruments, nor for supposing the Legislature, when they mentioned the one, intended the other. The language which requires these proceedings to be upon the "*bail piece*" is entirely consistent with the whole scope of the statute, and too plain, positive and unambiguous, to admit of any construction. To say that copies of the recognizance might serve as an equally safe basis of these proceedings, is to use an argument which might have been very legitimate before the Legislature who enacted the statute, but which can have no weight with the judiciary whose province is to declare, and not to make the law.

If the Judge, in the case now before us, could proceed upon the copies of the recognizance, instead of the bail piece, it is difficult to see why the same latitude of construction would not authorize him to dispense with both,

and to proceed upon a copy of the capias and parol evidence.

As no copy of the bail piece was produced to him in any stage of the proceedings, his jurisdiction, we think, never attached, and all the proceedings before him were void.

The other Justices concurred.