THE BURLINGTON UNIVERSITY v. THE EXECUTORS OF STEWART.

1. COUNTY COURT.  The inability of the county judge and prosecuting attorney to act, and the cause thereof, must appear of record, before the clerk of the District Court is authorized to discharge the duties of such judge.

2. SAME: APPEAL.  An appeal from a judgment rendered by the clerk acting as county judge, in the absence of such a showing, does not confer upon the appellate court jurisdiction.

*Appeal from Lee District Court.*

SATURDAY, DECEMBER 14.

THE facts are presented in the opinion of the court.

*J. M. Beck* for the appellant.

*Curtis, Gilmore & Curtis,* for the appellee.

BALDWIN, J.—This was a proceeding to establish a claim in the county court, against the estate of the deceased. No appearance was made by the defendants, although properly served with a notice of the proceeding of the plaintiff.

The record shows that the judgment was rendered against

defendants, at a regular session of the county court, "Present: Erie J. Leech, Esq., county clerk, and acting county judge." The defendants appealed from this judgment; and the District Court moved to dismiss the cause; *First,* for the reason " that jurisdiction was assumed below, and judgment rendered by incompetent authority." *Second,* "Because the petition shows no sufficient cause of action against defendant." The motion was sustained, and plaintiff appeals. Section 3 of the Code provides, that in case of vacancy in the office of county judge, and in case of the absence, or inability of that officer, the prosecuting attorney of the county shall supply his place. * * * When for the same cause the prosecuting attorney can not act, the county clerk shall fill the place of the judge. * * * When for any of the above causes the judge or attorney, in his proper order does not act, *the record of the proceeding must show the fact and the cause.*"

The second fails to show that there was any vacancy in the office of county judge, or that he was absent or disqualified in any manner from acting; nor does it appear why the prosecuting attorney could not act, nor the cause that justified the clerk in assuming to act. Such fact and cause must be made to appear of record before the clerk has any judicial powers conferred upon him.

Every presumption claimed by the counsel for the appellee in favor of the regularity of the proceedings in the county court is rebutted by the fact, that the record shows affirmatively that the court was presided over by a person not authorized to act, except upon certain contingencies, which, so far as appears from the record, did not exist. The ruling of this court in the case of the *City of Muscatine* v. *Stick,* 7 Iowa, 505 must be regarded as decisive of this question.

It is claimed, however, by the counsel for the appellee, that

this question of jurisdiction was waived by the taking of the appeal.

We concede the rule to be well settled, that when the court below has jurisdiction over the subject matter in controversy, that all irregularities are waived by the appeal, and the cause stands in the District Court for trial upon its merits, But the court as constituted in this case was not such a court as the law recognizes, and as such, could obtain no jurisdiction whatever. Also upon the authority of *Smith* v. *Dubuque County*, 1 Iowa, 492, this question was not waived by the appeal, nor could any act of the defendants confer jurisdiction.

The court did not err in its sustaining the motion to dismiss the cause.

Affirmed.