### Frederick Hasceig v. James Tripp.

*Summary Proceedings: Divesting title.* One who seeks by *ex parte* proceedings, which the law has put into his own hands, to divest the title of another, must keep strictly within the limits of his authority.

*Appraising beasts distrained damage feasant.* The nephew of a distrainor is not a " disinterested person " within the meaning of the statute—(Comp. Laws § 5057), to whom a warrant may issue to appraise beasts taken damage feasant; and such a proceeding not being one in which the owner of the property was tak ing part, there could be no waiver of objection: the appraisement therefore, by an incompetent appraiser, is fatal to the validity of the proceeding.

*Pleading and Evidence:* A count that " the plaintiff was lawfully possessed, as of his own property, of one certain grey mare about — years old, of the value of two hundred dollars, and was lawfully possessed *as aforesaid* of two yearling colts of the value of two hundred dollars,"—sufficiently avers that the plaintiff was possessed of the colts as of his own property; and evidence of such own-ership is admissible.

*Heard April 15. Decided April 19.*

Error to Kalamazoo Circuit.

James Tripp, plaintiff in the Court below declared against Frederick Hasceig, in trover, averring that "on or about the 17th day of June, 1867, at the Township of Brady, County and State aforesaid, the plaintiff was lawfully possessed, as of his own property, of one certain grey mare, about — years old, of the value of two hundred dollars, and was lawfully possessed, as aforesaid, of two yearling colts, of the value of two hundred dollars, and being so possessed of said property, as aforesaid, he, the said plaintiff, afterwards, to wit: &c.,—averring loss and conversion by the defendant. The defendant pleaded the general issue and gave notice that he found the said grey mare and the said two yearling colts trespassing upon his premises and doing damage to his crops then and there growing; that he seized and took the beasts &c., and of his further proceedings under the statute providing for the distraint of beasts doing damage. The cause was tried by a jury, and under the charge of the Court, they found a verdict for the plaintiff. The judgment entered on the verdict is brought into this court by writ of error.

*Thos. R. Sherwood,* for plaintiff in error.

*Severens & Burrows,* for defendant in error.

COOLEY, J.

In those cases in which the law puts into a party's own hands an authority under which he may, by *ex parte* proceedings, divest the title of another, it has always been held that he must keep strictly within the limits of the authority, and observe all the precautions which may have been prescribed by law for the protection of the owner's interest. — *Newsom v. Hart, 14 Mich., 233.*

Under the statute for distraining beasts damage feasant, the distrainer, before he can proceed to a sale, is required

to obtain a warrant from a Justice of the peace, directed to two "disinterested and discreet persons" who are to appraise his damages under oath.— *Comp. L.* § *5057.*—This is a condition precedent, without which the sale would be absolutely void. The warrant obtained in the present case was directed to a step-son of the Justice and a nephew of the distrainor; and a question arises whether these persons possess the statutory qualifications.

The relationship to the Justice was brought to our notice as tending to show that the proceedings were collusive; but as we think the nephew of the party was clearly disqualified, we have no occasion to consider any question of fact. The statute, it is true, does not undertake to define precisely what is meant by discreet and disinterested persons, but the phrase is one which clearly precludes all idea that the near relatives of a party may lawfully be called in to pass upon his controversies with strangers. Freedom from prejudice or partiality were meant to be secured; and it is evident that a person cannot be held disinterested, whose relationship to one of the parties is so near that the law presumes his judgment will be biased thereby. A nephew of one of the parties would be an incompetent juror at the common law.—*3 Bl. Com., 363; Denn v. Clark, Coxe, 446; Paddock v. Wells, 2 Barb. Ch., 332:*—and under our statute he would also be incompetent to act in any judicial capacity in a case in which his uncle was interested.— *Comp. L.,* §§ *4064, 3661.*—This presumption of bias is not one resting upon peculiar grounds in the case of judge or juror, but it has its foundation in nature and reason, and we cannot overlook or disregard it in any statutory proceeding where impartiality is made a requisite. We think the nephew was not a competent appraisor.

Had the proceeding been one in which the owner of the property was taking part, with a right of challenge, a question of waiver might arise if he failed to take the objection there; but no such question is presented by this

record. The distrainor took the proceeding at his peril, and the objection we have pointed out is fatal to it.

This conclusion justifies the judgment of the Court below, if the declaration was such as to warrant the evidence the plaintiff gave under it. The declaration alleged that " the plaintiff was lawfully possessed, as of his own property, of one certain grey mare, about — years old, of the value of two hundred dollars, and was lawfully possessed, as aforesaid, of two yearling colts, of the value of two hundred dollars," &c. The defendant objected to any evidence of ownership of the colts by the plaintiff, because not alleged in the declaration. The Court overruled the objection. We think the objection was based upon a misconstruction of the declaration. The plaintiff having alleged that he was lawfully possessed, as of his own property of the mare, proceeds immediately to say that he was lawfully possessed, *as aforesaid*, of the colts; which in the connection can mean nothing else than that in like manner, that is to say, as of his own property, he was possessed of them also. There was no occasion to repeat the words of ownership, and the evidence was clearly admissible. We express no opinion as to the validity of the objection, had the proper construction of the declaration been as the defendant claims.

The judgment of the Circuit Court must be affirmed with costs.

The other Justices concurred.