### THE STATE v. THE C., R. I. & P. R. Co.

1. **Highway:** ESTABLISHMENT UNDER CODE OF 1851: EVIDENCE. Under the Code of 1851 the disqualification or inability of the county judge to act in a proceeding to establish a highway must have appeared upon the record, in order to enable the prosecuting attorney to act in his stead, and, where the record failed to show such disqualification or inability, it was not competent evidence to show that the highway was legally established.

*Appeal from Polk District Court.*

FRIDAY, APRIL 25.

THE defendant was indicted for obstructing a certain public highway duly laid out and established according to law, was tried, convicted, and sentenced to pay a fine of five dollars and costs. The defendant appeals.

*Wright, Gatch & Wright* and *Carroll Wright,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

DAY, J.—The State offered in evidence certain pages of the road record, being an order for the final establishment of the road in question, signed "W W. Williamson, Prosecuting Attorney, Acting County Judge," and dated May 27, 1854. The defendant objected to the introduction of this record because it appears to have been before W. W. Williamson, prosecuting attorney and acting county judge, and it fails to show the fact of the absence of the county judge of said county, or his inability to act, or the cause of such absence or inability. The court overruled the objection, and the record was admitted. After

the evidence was submitted the defendant asked the court to give the following instruction:

"A highway, in 1854, could not be established in substantial conformity with the law, in proceedings had before the prosecuting attorney of the county acting as the county judge, except in the absence of such judge, or his inability to act, and the record should show the fact of such absence or inability to act, and the cause thereof, and if it does not it cannot be considered by you."

The court refused to give this instruction.

Section 111 of the Code of 1851 is as follows:

"In case of a vacancy in the office of county judge, and in case of the absence, inability or interest of that officer, the prosecuting attorney of the county shall supply his place; and when a party in direct interest makes his affidavit to the fact of the interest of the judge, it will be his duty to vacate his seat for the time being, and to cause the prosecuting attorney to be notified to attend, and the judge's refusal so to do will be good cause for an appeal, which may be taken either before the matter is heard or after. When, for the same cause, the prosecuting attorney cannot act, the county clerk shall fill the place of the judge, and the affidavit must apply to both judge and attorney. When, for any of the above causes, the judge or the attorney, in his proper order, does not act, the record of the proceeding must show the fact and the cause."

The court erred, we think, in admitting the record, and in refusing to give the instruction asked. This statute clearly requires that the fact and the cause of disqualification or other inability of the county judge must appear on the record in order to confer power upon the prosecuting attorney to act. Where the record does not disclose such facts the prosecuting attorney acts without authority and his acts are void. See *Burlington University v. Executors of Stewart,* 12 Iowa, 442.

The judgment is

REVERSED.