THE PEOPLE EX REL. HOUGHTON COUNTY V. THE AUDITOR
GENERAL.

*Postponement of tax-sale a ground of invalidity.*

The State cannot be charged with the amount of tax-bids upon a
sale not authorized by law.

The Auditor General cannot directly or indirectly postpone tax-sales
beyond the date fixed by law.

The provisions of the tax law must be strictly construed where a
departure from them would prejudice the owner of the property
taxed.

MANDAMUS. Submitted April 22. Denied June 4.

*Thos. L. Chadbourne* and *S. F. Seager* for the relator.

Attorney General *Otto Kirchner* for the respondent.

COOLEY, J.   In the year 1871 the treasurer of the
county of Houghton failed to make return in due season
of the lands upon which the taxes for the preceding year
remained unpaid, and when he sent in a return after
considerable delay, the then Auditor General refused to
receive it and credit the county with the amount.   The
same thing happened the next year.   At the April ses-
sion of this court, 1877, an application was made for a
mandamus to compel the Auditor General to give the
county credit for the delinquent taxes shown by the
delayed returns; but the application was refused on the
ground that while the Auditor General might perhaps
have accepted the delayed returns in his discretion, he
was not legally compellable so to do.   *Houghton County
v. Auditor General*, 36 Mich., 271.   Thereupon the county
authorities made a new application to the Auditor Gen-
eral for credit for these delinquent taxes, and he, assent-
ing to their views, directed the lands described in the
delayed returns to be advertised for sale at the time of

the regular tax sales in October, 1877, and they were advertised and offered for sale at that time. As the result of the offer the most of them appear to have been struck off to the State for want of bidders, and when return of the sales was made, the county was credited on the books of the Auditor General with the amount of the bids to the State. The accounts between the State and the county being then stated by the Auditor General with this credit constituting a part of it, the balance due the county was found to be $37,092.44.

These proceedings took place before the present Auditor General succeeded to the office. After he took possession of the office a demand was made upon him of a warrant upon the State Treasurer for the sum so apparently owing to the county. He refused to comply with the demand and a mandamus is now applied for.

The application presents the question whether there was any warrant of law for the action of the Auditor General in ordering a sale in 1877 of the lands returned after time for the taxes of 1870 and 1871. For if the order to sell was unwarranted, the State could be charged with no bids upon the unauthorized sale, and the credit made to the county of the amount of such bids was illegal. The case, therefore, must turn upon the validity of the action ordering a sale.

We have been unable to find any authority of law for the auditor's action. The statute contemplates that return shall be made of delinquent taxes by the county treasurer to the Auditor General by the first day of March next after the taxes were assessed (Comp. L., § 1034), and that a sale shall be made in October following for the satisfaction of those not previously paid (Comp. L., §§ 1044, 1050). The sale for the taxes of 1870 should therefore have been made six years earlier than it was, and that for 1871 five years earlier.

There is not a word in the statute anywhere conferring upon the Auditor General a discretionary authority to postpone the sale to a subsequent year, or which

assumes or hints at the existence of such a power. Nor could the Legislature confer it without making serious inroad upon the tax system. To postpone the sale would be to postpone the collection of State, county, township, school district and road district revenues, and might seriously embarrass the whole administration of local government. Indeed, it might embarrass the State itself in the matter of revenue, for if the sales in one county may be postponed from year to year, so might the sales in every county.

If it be said that the sales in these cases were not thus postponed, but that the Auditor directed them to be made at the regular time for making the annual sales next after he had decided to receive the returns, the case is made no better. While we think the Auditor might in his discretion have received any return which was offered in time for the regular sales of the year, he can have no more power indirectly to postpone a sale to a subsequent year, by postponing the reception of the return, than he can to do so by more direct action.

Not only would the interests of the public be prejudiced by such action, but the interests of the owners of lands are liable to be seriously prejudiced also. They have a right to suppose that the regular tax proceedings are taken, and to deal with the lands on that supposition; and a purchaser of lands who buys them, supposing they are free from any taxes, except such as the regular returns would show, would be greatly wronged if they might subsequently be sold for a tax long since levied, but appearing when he bought only upon an un-accepted return which the Auditor General then retained, subject to his future discretion. Parties variously interested might be injured by such proceedings. It is a familiar principle that those provisions of tax-laws, a departure from which would be prejudicial to the owners of property taxed, cannot be held to be merely directory. *Clark v. Crane*, 5 Mich., 151; *Hoyt v. East Saginaw*, 19 Mich., 39.

There are some cases in which lands are by statute expressly permitted to be sold in a year subsequent to the time when they should have been. One of these is, when the lands were not sold at the proper time, by reason of error in advertising or other cause, not affecting the legality of the assessment, or requiring rejection of the taxes thereon. Comp. L., § 1044. But this contemplates a case where the lands are advertised for sale, and then, by reason of error in the advertisement or other cause, cannot be or are not sold. In such a case the lands are to be "re-advertised" for the "ensuing annual tax-sales." Another case is, where a tax is rejected for some informality, irregularity or defect in description, and reassessed. But this is not such a case.

We are of opinion that all of the Auditor General's proceedings in ordering the sale made in 1877, and in stating the account with the county upon the return of such sale, were unauthorized and void.

The mandamus must therefore be denied.

The other Justices concurred.