J. LEWIS SIMPSON v. NANCY SIMPSON, SYLVIA GARRETT, ELLEN SPAULDING AND ELSIE WEBSTER.

*Partition suit—Notice to defendants of commissioners' meetings—Joint action of commissioners.*

1. In a suit for partition of lands, under chap. 270 How. Stat., notice to the defendants of the meetings of the commissioners is essential to the validity of their action. The requirement of such notice is always implied, when not expressed in the statute.

2. The deliberations of the commissioners should be had together, and all must be present when final action is taken and the report is made and signed, although a majority can sign and acknowledge such report.

Appeal from Cass. (Smith, J.) Argued November 18, 1885. Decided January 13, 1886.

Suit for partition. Order of commissioners confirmed. Reversed.

The facts are stated in the opinion.

*Howell & Carr*, for complainant:

The commissioners should not be embarrassed by the importunities or presence of the parties at their deliberations. Their wishes or ideas as to the value of the land could not aid the commissioners: *McLaughlin v. Circuit Judge*, 57 Mich. 35.

*Spafford Tryon*, for defendants:

The law requires all the commissioners to meet and consult together on the performance of any of their duties, and provides that no determination or partition of the premises shall be made except at a meeting when all are present: How. Stat., § 7877; and while the report may be under the hands of a majority, all must be present when report is so signed: *Board of Water Com. v. Lansing*, 45 N. Y. 19; *Downing v. Rugar*, 21 Wend. 178; *The People v. Williams*, 36 N. Y. 442; *Post v. Post*, 65 Barb. 192. Notice to defendants of the meetings of the commissioners was not given and they did not attend, and for this reason the report should be set aside. The commissioners act judicially: *Elmendorf v. Harris*, 23 Wend. 628; *Peters v. Newkirk*, 6 Cow. 103. The failure of the statute to provide for a technical written notice is not conclusive that notice is unnecessary, but notice is implied, and is necessary: *Kinderhook v. Claw*, 15 John. 537; *Doubleday v. Newton*, 9 Howard Prac. 71.

SHERWOOD, J. James Simpson, late of the county of Cass, died on the sixth day of May, 1882, intestate, leaving a widow and four children his sole heirs. His personal estate was inconsiderable, but he left real estate consisting of a valuable farm, containing 124 acres. It was his homestead where he had lived about forty years. The widow, at the time of the death of her husband, was well advanced in years, and was in feeble health, and by the consent of all the parties, had occupied the house with her youngest daughter to the time of filing the bill of complaint in this cause. The deceased left no debts, and no administration has been had upon his

estate. The complainant's bill was filed to obtain partition of the farm among the heirs of the deceased, and on the twenty-fourth day of October, 1884, the circuit judge rendered a decree for partition, and for setting apart dower to the widow, and appointed three commissioners to make the division of the property, and to make report of their doings to the court. The commissioners accepted and qualified, and entered upon the discharge of the duties of their trust on the eleventh day of November thereafter, and on January 14, 1885, two of the commissioners made a report of their doings in the premises to the court, wherein they reported that they had made the required partition of the property among the heirs, and assigned dower to the widow, but that Mr. Dewey was not able to meet with them, and therefore the other two made and signed the report, and returned it to the court. The following stipulation was entered into between the parties, and acted upon by the court, viz.:

" It is hereby stipulated by and between the parties that a partition may be had in the premises described in the bill of complaint in this suit, as follows: The dower interest therein is to be assigned to the said defendant Nancy Simpson for and during her natural life, and the said complainant is to be allotted one-fourth interest in said premises, subject to said dower interests, and the remaining three-fourths is to be allotted to the daughters named in said bill and the pleading herein, in the aggregate, subject to the said dower interest of the said Nancy Simpson ; that the said partition and allotment between the complainant and the said daughters, defendants named in the pleadings, shall be divided so that their several portions and shares in the said premises shall be allotted to the respective parties, quality and quantity relatively considered, according to the respective rights of the parties. It is further stipulated that the decree made in this cause heretofore may be amended to conform to this stipulation."

Counsel for defendants filed exceptions to the report made by the two commissioners in the matter, and the exceptions to the report and motions for order of confirmation were heard together by the circuit judge. The exceptions are as follows :

" *First.* That the said report is only signed by two of said commissioners appointed by this court to make partition of the premises described in the pleadings, and the defendants insist that the said report must be signed by all the commissioners, and if not signed, then the report should set out at large the reason of the omission, which this report fails to do.

" *Second.* That the said commissioners, Robert Wiley, William Sears and Levi Dewey should have all met together, and consulted as to the performance of their duty in the matter of partition committed to them, and it ought and must appear from the said commissioners' report that the said commissioners did meet together and consulted upon the matter of partition at the time the several allotments were made and the land partitioned.

" *Third.* That the defendants insist that the said commissioners' report is contrary to law and equity, inasmuch as the report does not settle the rights of the parties to this proceeding, in this: the said commissoners, as appears by their report, have partitioned only a portion of said premises, not having allotted the interest of the defendants Sylvia Garrett, Ellen Spaulding and Elsie Webster in said premises, to have and to be enjoyed by them in common, as provided for in the stipulation in this case. These defendants insist that this must be done before such report can be confirmed.

" *Fourth.* That the parties to this suit made a stipulation in this case, providing the manner in which such partition of the premises shall be made, and the decree should conform thereto, and although the commissioners had this stipulation before them, yet they have not partitioned said premises in accordance with the terms thereof nor reported properly.

" *Fifth.* That the said commissioners have in their partition of said premises done great injustice to these defendants, and to each of them; that said partition and allotment is unequal and unjust, and is not in accordance with law and equity.

" *Sixth.* That the said defendants ought to have been notified of the meeting of said commissioners, whereas, in fact, the defendants, nor either of them, were notified of the meeting or meetings of said commissioners, and neither of said defendants did attend said meeting or meetings of said commissioners, nor any one in their behalf.

" *Seventh.* That said commissioners had no authority to act in the matter of partition until the decree of the court had been amended in accordance with the said stipulation.

"*Eighth.* That the said commissioners proceeded to perform the duty assigned them under the stipulation without being first sworn; for, inasmuch as new duties were assigned and imposed upon them by the terms of the stipulation, the said commissioners should have been resworn.

"*Ninth.* That the said commissioners had no authority to set off forty and 41-100 acres of said premises unto the said J. Lewis Simpson, and then assign to the defendant Nancy Simpson her dower therein. Such proceeding is both contrary to law and equity, as well as contrary to the terms of the said stipulation. In which several particulars these defendants, and each of them, object to the said report, and to the action of said commissioners, and pray the judgment of this court that the said report ought not to be confirmed, and the same should be vacated and set aside."

The circuit judge overruled the exceptions, and confirmed the report of the commissioners, and from the decree of confirmation the defendants take their appeal to this Court to obtain a review of the proceedings. The grounds principally relied upon for a reversal of the order of confirmation entered by the circuit judge are: (1) That no action could be taken by the two commissioners unless Dewey was present or participated in it in some manner, so long as he remained one of the commissioners; (2) whatever action was taken or intended to be taken by the commissioners, should have been notified to the defendants before the commissioners finally concluded their report, that the defendants might have been heard before the commissioners, if they desired; (3) that the partition made by the two commissioners is inequitable and unjust; that the complainant has by fraud secured, under the commissioners' decision, more than he is justly entitled to; and that the widow is deprived of her home, in her helplessness and old age, which was left to her unincumbered by her husband when he died.

The duties of the commissioners are statutory, and to give their proceedings validity, the statute must be strictly complied with: How. Stat. *c.* 270; *Greenvault v. Farmers & Mechanics' Bank,* 2 Doug. 507; *Brooks v. Hill,* 1 Mich. 125; *Buckley v. Lowry,* 2 Mich. 421; *Elliott v. Dudley,* 8 Mich. 64; *Platt v. Stewart,* 10 Mich. 260; *Allen v. Carpen-*

*ter*, 15 Mich. 32; *Hasceig v. Tripp*, 20 Mich. 216; *Powers'
Appeal*, 29 Mich. 504; *Kroop v. Forman*, 31 Mich. 144;
*Clay v. Pennoyer*, 34 Mich. 204; *Wagar v. Briscoe* 38 Mich.
587; *Dickinson v. Van Wormer*, 39 Mich. 141; *Houghton
Co. v. Auditor General*, 41 Mich. 28; *Chicago & N. E. R.
Co. v. Sturgis*, 44 Mich. 538. The heirs had such an interest in possession in this case, as would enable either of them
to bring suit for partition: *Campau v. Campau*, 19 Mich.
116; *Streeter v. Paton*, 7 Mich. 341; *Marvin v. Schilling*,
12 Mich. 356. The complainant was tenant in common
with the defendants in the land belonging to the estate
(*Greiner v. Klein*, 28 Mich. 12), but he did not occupy the
premises. The services required of the commissioners are
very important and judicial in their character, and while
their action is not final or conclusive upon the parties, it is
most difficult to obtain a modification or reversal, save upon
the ground of mistake or fraud when action has been taken
by all the commissioners. In regard to their duties, and the
manner of their performance, the statute is very explicit.
The commission must consist of three persons (How. Stat.
§ 7872), and "if the persons so appointed commissioners, or
either of them, shall die, resign, or neglect to serve, the
court may from time to time appoint others in their places:"
Section 7883. Before proceeding to the execution of their
duties, they are required to take an oath prescribed by the
statute. Section 7874. Section 7887 requires that "all the
commissioners must meet together in the performance of
any of their duties, but the acts of a majority so met shall be
valid." The power conferred upon these commissioners and
the manner they were required to exercise it, is well stated
by the late Chief Justice Graves in *Adair v. Cummin*, 48
Mich. 379. He says: "The commissioners were not clothed
with any despotic powers. They were in a situation of trust
and confidence described by statute, and subject to the principles which vitalize the moral equity of the law. They
were bound to apply their experience and judgment faithfully and fairly to the case, and to execute honestly and
impartially the trust reposed; and by such means to divide

the estate and allot the portions and shares to the parties, quantity and quality considered, according to the respective rights and interests of the parties."

If these principles are to govern the action of the commissioners, and if the affidavits used on the motion for confirmation state the situation correctly, it may well be doubted whether, even though the action of the commissioners may have been regular in other respects, it ought, on account of the injustice done in the division of the property, to be confirmed. We are, however, relieved from the consideration of this point, by reason of other infirmities, which are fatal to the proceedings of the commissioners.

None of the defendants, so far as the record shows, ever had any notice of the meeting of the commissioners to consider of the matters submitted to them by the order of the court, and never attended any such meeting. They were all deeply interested in the action of the commissioners required to be taken under the order. The extent of their rights in the farm, and the location thereof, were to be ascertained and established. A portion of the interests of the parties were to be exchanged and separated by the commissioners. The defendants had a right to be present and to be heard when these things were done; and notice of the meetings of the commissioners should have been given to them, that they, or either of them, might have been present if they desired. The requirement of such notice is always implied, when not expressed in the statute, and indispensable.

The commissioners failed, also, to comply with the plain language of the statute, in attempting to take action under the order without all being present. It is not necessary that all should sign or acknowledge the report, but their deliberations should be had together, and they must all meet when the final action is taken and the report is made and signed. One of the commissioners, who appears to have been willing to act, and had not been discharged or disqualified from acting, took but little or no part in the deliberations of the commissioners, and was not present at, nor had notice of, their last meeting, and had no notice or knowledge what-

ever of the final action taken by the other two. This was a clear violation of the statute. It is of no consequence now to say that Dewey would not have agreed to the report filed had he been present or participated in the deliberations with the other two. It is quite possible it ought not to have been agreed to, and it may not be improbable that a different result might have been reached had they then sufficiently consulted together. However this may be, it cannot change the requirement of the statute with which, in both of the instances pointed out, the commissioners failed to comply.

I think the order appealed from should be reversed and set aside, and the commissioners appointed discharged, and unless a division of the property shall be agreed upon by the parties, new commissioners should be appointed, and the defendants ought to recover their costs of this Court.

The other Justices concurred.