## TOLSMA *v.* TOLSMA.

1. PARTITION—COMMISSIONERS—REPORT.

Where three commissioners in partition proceedings met and divided the premises in two portions, directing the parties to whom they allotted the more valuable parcel to pay to the others the sum of $11,000, and the latter objected, claiming that there was a greater difference in value and offering to pay $14,000 which they filed a bond to pay if they might be awarded the more valuable parcel, and where the court referred the proceedings back for further action and it appeared that only two of the three commissioners met and passed on the second report, the other dissenting from the finding of the majority and filing a separate report, the determination of the commissioners should have been set aside because their action was not in conformity with 3 Comp. Laws, § 11040 (5 How. Stat. [2d Ed.] § 13237), requiring the commissioners to act jointly; it was also improper, under the holdings of this court, to proceed without giving the persons interested an opportunity to be heard in the second proceeding.

2. SAME—NOTICE—HEARING.
   Notice of the proceedings of commissioners in partition, to the interested parties, is required: and an opportunity to be present and be heard should be given.

Appeal from Wayne; Codd, J.   Submitted November 25, 1913.   (Docket No. 90.)   Decided March 28, 1914.   Rehearing denied June 4, 1914.

Partition by Alex. S. Tolsma and others against Charles S. Tolsma and another.   From a decree of partition, defendants appeal.   Reversed.

*McNamara & Scallen*, for complainants.

*Arthur E. Schreiter* and *Jasper C. Gates*, for defendants.

McALVAY, C. J.   This is an appeal from a decree of the circuit court of the county of Wayne, in chancery, in case of a bill filed for the partition of lands, under the statute.   The parties to this cause are the surviving children in interest of Seborn F. Tolsma, who, after the death of his wife, by proper warranty deed, conveyed the premises in question to all of his children jointly, reserving to himself a life interest therein.   From and after his death they have continued to own such premises as tenants in common.

Before the institution of this partition suit defendant Charles S. Tolsma acquired the undivided interests of two of the heirs, by which means he became the owner in fee of an undivided three-eighths, and each of the other parties to this suit is the owner of an undivided one-eighth.   These premises are described as follows:

"Lot No. 5; and the southerly 49 feet of Lot No. 57, all in section 8 of the Governor's and Judge's Plan of the city of Detroit."

In the proceeding to partition the premises lot No.

5 is called parcel 1, and the southerly 49 feet of lot 57 is called parcel 2.

The bill was filed by four of the heirs against the remaining two who are interested in these premises. Defendants answered the bill of complaint, and after issue joined a consent decree of partition was made and entered October 21, 1912. By this decree David T. Lorimer, William A. Gleason, and William T. Dust were appointed commissioners in partition, and afterwards qualified and proceeded to perform their duties as such commissioners. Having concluded their work in the premises, all of these commissioners, on March 21, 1913, made and filed their report in said court and cause containing a statement of their acts and doings, which report, omitting the formal parts, reads as follows:

"To the Circuit Court for the County of Wayne, in Chancery:

"In pursuance of a decree for partition entered October 2, A. D. 1912, and a supplemental decree made and entered on the 4th day of February, A. D. 1913, appointing the undersigned as commissioners in partition, in the above-entitled cause, we, the commissioners named in the said decrees, respectfully report unto the court:

"That after we and each of us had taken and subscribed an oath, honestly and impartially to execute the trust reposed in us, and make partition and division as directed by the court, which said oath is hereto annexed for greater certainty and filed herewith, we went together upon the premises described in said decree, to wit, lot number five (5), and the southerly forty-nine (49) feet of lot number fifty-seven (57), all in section eight (8), of the Governor's and Judge's Plan of the city of Detroit, Wayne County, Michigan, and after careful inspection, and on consideration, made a partition thereof, quality and quantity relatively considered, according to their respective rights and interests as declared by the said court in and by said decree; that is to say, after giving notice in writ-

180 MICH.—6.

ing, by registered letter, to all the parties interested, and their respective solicitors, of the time and place of our meeting held to consider the matters referred to us in said decree, as will appear by proof of service hereto attached.

"We further report that we divided said property into two parcels, parcel 1 being described as lot number 5, in section 8 of the Governor's and Judge's Plan of the city of Detroit, Wayne county, Michigan, and parcel 2 being described as the southerly 49 feet of lot number fifty-seven (57), section 8, of the Governor's and Judge's Plan of the city of Detroit, Wayne county, Michigan. And we further report that we appraised the value of said parcels and buildings thereon, and found a difference in value of $22,000.

"We further report that we set off and allotted to the above-named Charles S. Tolsma and Anna (Tolsma) Shields, in severalty for their interest and share in the said premises, the one-half (½) part thereof according to the relative value thereof, the following parcel thereof, to wit: Parcel one (1), lot numbered (5) in section eight (8), of the Governor's and Judge's Plan of the city of Detroit, Wayne county, Michigan. And we set off and allotted to the above-named Alex S. Tolsma, Ray S. Tolsma, Gertrude L. Tolsma, and Venus E. Tolsma, in severalty for their interest and share in said premises, the one-half (½) part thereof according to the relative value thereof, the following parcel of land in the following proportion: Parcel two (2), the southerly forty-nine (49) feet of lot numbered fifty-seven (57), section eight (8) of the Governor's and Judge's Plan of the city of Detroit, county of Wayne, and State of Michigan. To Charles S. Tolsma three-quarters (¾) and to Anna Tolsma Shields one-quarter (¼) of parcel one (1). And we do further report that parcel two (2) is of greater value than parcel one (1) (and that, for the purpose of equalizing the division of said premises, the said Alex S. Tolsma, Ray S. Tolsma, Gertrude L. Tolsma, and Venus E. Tolsma, who are allotted said parcel two [2], are hereby directed to pay, and the said parcel two [2] is charged with the payment of, the sum of eleven thousand dollars to the persons receiving parcel one [1], as named herein).

"And we further certify and report that the items

of the various expenses attending the execution and our said duties as commissioners in partition, including our fees as commissioners, are contained in a schedule hereto annexed and marked Exhibit A, and forming a part of this our report.

"All of which is submitted for the approval of the court.

"In witness whereof we, the said commissioners, have set our hands and seals to this our report this 18th day of March, A. D. 1913.

> "DAVID T. LORIMER. [L. S.]
> "WM. A. GLEASON. [L. S.]
> "WM. T. DUST. [L. S.]."

Afterwards the attorneys for complainants filed and served upon defendants notice of a motion for confirmation of this report in partition, to be heard May 26, 1913. On April 18, 1913, defendants filed exceptions to this report which, omitting the formal parts, are as follows:

"To the Circuit Court for the County of Wayne, in Chancery:

"Your petitioners, the above-named defendants Charles S. Tolsma and Anna Tolsma Shields, hereby make and file exceptions to the report of the commissioners in partition heretofore filed, in the above-entitled cause, that is to say:

"(1) Because the said commissioners in and by their said report have greatly underestimated the difference in value between 'Parcel 1' and 'Parcel 2,' described in said report.

"(2) Because in truth and in fact said 'Parcel 2' is worth the sum of $28,000 more than said 'Parcel 1,' and that the difference in value of $22,000 as found and reported by said commissioners is grossly inadequate.

"(3) Because your petitioners are ready and willing and hereby offer to pay to the above-named complainants the cash sum of $14,000, making a total difference of $28,000, in value of said 'Parcel 2' over and above the value of said 'Parcel 1,' in case this court shall set aside said report and recommit to the said commissioners the partition and division of the pieces

or parcels of land described in the bill of complaint filed in this cause and specified in said report.

"(4) Because your petitioners tender herewith a bond in the penal sum of $14,000 with sufficient sureties conditioned to pay to said complainants the sum of $14,000, in case said parcel 2 shall be set off and allotted to your petitioners, in severalty for their interest and share in said premises.

"(5) Because your petitioners will be greatly damaged if said report of said commissioners is confirmed, and will suffer great loss if the same is allowed to stand, and the same will operate as fraud upon your petitioners."

This petition prayed the court to set aside and vacate the report, according to statute, and for an order to recommit the making of such partition to the same or new commissioners, who should proceed therewith according to law, and with such petition, according to its offer, defendants filed a bond in the penal sum of $14,000.

On May 22d, before the time of hearing the motion for confirmation arrived, the court made the following order: .

"At a session of said court, convened and held in the circuit court rooms in the city of Detroit, county of Wayne and State of Michigan, on the 22d day of May, A. D. 1913.

"Present, the Honorable George Codd, circuit judge.

"On reading and filing the exceptions of the above-named defendants to the report of David T. Lorimer and William Gleason, two of the commissioners in partition, heretofore filed in the above-entitled cause, and a bond for the sum of fourteen thousand dollars ($14,000) filed with said exceptions, it is ordered that said report be and it is hereby referred back to the commissioners in partition heretofore appointed in said cause for further findings."

By some error the report in this order is called the report of two commissioners. It was in fact the report signed by all of them.

On the same date two of the commissioners made

out and signed the following report (omitting the entitling) :

"We, the undersigned commissioners in partition in suit, *Tolsma* v. *Tolsma,* do hereby reconfirm our report filed and submitted in said cas
"Detroit, Mich., May 22, 1913.
                    "DAVID T. LORIMER.
                    "WILLIAM A. GLEASON."

On May 24th following defendants made and filed exceptions to this report of the two commissioners for the same reasons as stated in their first exceptions, objecting to the confirmation of the first report, and praying for the same relief. On the same day complainants, by petition reciting matters as to the first report, and its reference back to the commissioners, and also showing that Commissioner Dust had filed a minority report, asked that the report of the two commissioners be confirmed. A report of Commissioner Dust, favoring the change in the report petitioned by defendants, was filed May 26, 1913. On June 19th following defendants filed a petition duly verified, and asked the court, for the reason that no opportunity had been given them to be heard by the two commissioners after the case had been referred back, and for the reasons given in former exceptions, to set aside the last report of the commissioners, and appoint new commissioners, on account of the partisanship and prejudice of the two commissioners against them.

On June 26, 1913, the court entered a final decree in the case in which was recited the entire first report of the commissioners already given, and recited the fact that the matter was referred back to the commissioners for further consideration, and that a further report made by the two commissioners reaffirming the former report, which decree confirmed the first report of the commissioners, and made partition of the premises accordingly, and decreed de-

fendants should receive the part partitioned to them and $11,000 from complainants as their portion, according to the terms and conditions of said report.

It is the contention of appellants that this decree should be reversed (a) because the proceedings were irregular and void, and (b) that the decree is unjust. They contend that the final report of Commissioners Lorimer and Gleason in response to the order of the court made May 22, 1913, made on the same day, was without the presence or co-operation of Commissioner Dust; that they gave appellants no notice of any meeting, and no opportunity to be heard at said meeting to reconsider their report in accordance with the order of the court.

After the commissioners had made their first report, the record shows that defendants filed exceptions thereto by a petition in writing duly verified, asking that the report be set aside and vacated as provided by statute. This petition upon its face showed that parcel 2, which had been assigned to the complainants, exceeded the value of parcel 1, which had been assigned to appellants, by the sum of $28,000, and they filed a surety bond to substantiate their offer that they would give to complainants $14,000 as a fair difference between the values of the parcels.

After hearing these exceptions, the order referring the report back to these commissioners was made "for further findings." Without any notice to appellants, or any opportunity to be heard on their part before the commissioners, and, as far as the record shows, in the absence of Commissioner Dust, the majority commissioners, on the same day the order of court was made for further findings, returned as follows:

"We, the undersigned commissioners in partition in suit, *Tolsma* v. *Tolsma*, do hereby reconfirm our report filed and submitted in said case.

"Detroit, Mich., May 22, 1913."

The individual report of Commissioner Dust, made

after this second report, accepts the proposition of defendants, and reports that $14,000 should be paid by the defendants, quality and quantity relatively considered. This has a bearing upon the contentions of defendants, at least by inference, that this commissioner was not present at the meeting of the 22d of May, when the second report was made by the majority, and also as bearing upon question of the injustice of the decree.

Proceedings in partition of lands are statutory, and, among other requirements, appear the following:

"The commissioners shall make an ample report of their proceedings, under the hands of any two of them, specifying therein the manner of executing their trust, and describing the land divided and the shares allotted to each party, with convenient certainty. * * * " Section 11039, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13236).

The first report made by the three commissioners March 18, 1913, already set forth in this opinion, is an indication that the commissioners had knowledge of and followed the reasonable requirements of this section. In that report it is recited, among other things:

"That is to say, after giving notice in writing, by registered letter, to all parties interested, and their respective solicitors, of the time and place of our meeting held to consider the matters referred to us in said decree, as will appear by proof of service hereto attached. * * * "

And in another portion of said report is stated that, after each of them had taken an oath honestly and impartially to execute the trust, "we went together upon the premises," etc.

There is another statutory provision relative to the participation of commissioners in the proceedings, as follows:

"All the commissioners must meet together in the performance of any of their duties. * * *" Section 11040, 3 Comp. Laws.

It is apparent that neither of the requirements of the two sections quoted were complied with. The court had made an order for a rehearing because of certain facts which had been presented as to the value of one parcel of the lands to be partitioned, and on petition of defendants had granted the privilege to be heard, as provided by statute, section 11042, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13239), which provides the commissioners "shall proceed in like manner as hereinbefore." The majority of the commissioners denied this privilege. Upon both branches of this contention as to the right to be heard, and as to the necessity of the presence of all the commissioners at all meetings, this court has sustained the claim of appellants. In an early case, this court said:

"The defendants had a right to be present and to be heard when these things were done; and notice of the meetings of the commissioners should have been given to them, that they, or either of them, might have been present if they desired. The requirement of such notice is always implied, when not expressed in the statute, and indispensable.

"The commissioners failed, also, to comply with the plain language of the statute, in attempting to take action under the order without all being present. It is not necessary that all should sign or acknowledge the report, but their deliberations should be had together, and they must all meet when the final action is taken and * * * signed. One of the commissioners, who appears to have been willing to act, and had not been discharged or disqualified from acting, took but little or no part in the deliberations of the commissioners, and was not present at, nor had notice of, their last meeting, and had no notice or knowledge whatever of the final action taken by the other two. This was a clear violation of the statute. It is of no consequence now to say that Dewey would not have agreed to the report filed had he been present, or

participated in the deliberations with the other two. It is quite possible it ought not to have been agreed to, and it may not be improbable that a different result might have been reached had they then sufficiently consulted together. However this may be, it cannot change the requirement of the statute with which, in both of the instances pointed out, the commissioners failed to comply." *Simpson* v. *Simpson,* 59 Mich. 71, 77 (26 N. W. 285).

The next contention is that the decree is inequitable, and ought to be reversed, for the reason that parcel 2 is worth $28,000 more than parcel 1, and the decree for equality of partition awards only $11,000, instead of $14,000.

When the matter was referred back for further findings upon the sworn petition and offer of defendants, it is manifest that it was done for the purpose, not only of giving opportunity to defendants to present proofs and be heard, but also to correct an injustice. If the facts set up in the petition are true, an opportunity should have been given to correct any error which had been committed in that regard. Defendants had a right to question the correctness of the conclusions of the commissioners as to values, and apparently the proposition made by them is not unusual. Under the circumstances their sincerity cannot be questioned; their conduct in filing a bond was an assurance of that. A very similar case is reported from New Hampshire where the action of the commissioners was set aside. *Timon* v. *Moren,* 54 N. H. 441.

There are two other matters which are called to our attention by defendants' brief. The first is the claim that the award of parcel 2 to complainants upon paying defendants $11,000 was unauthorized and void, for the reason that section 11094, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13291), expressly confers such judicial power upon the court; and also that the com-

missioners did not follow the decree and value each parcel separately.

We do not think it necessary to express any opinion upon these propositions at the present time. As the case will be remanded for further proceedings, these matters will receive all necessary attention.

The decree appealed from is reversed and set aside, and the cause remanded to the circuit court for the purpose of the appointment of new commissioners to make partition of the premises, according to the equities of the respective parties, and the statute in such case made and provided. Defendants will recover costs of both courts.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.