TOLSMA *v.* WAYNE CIRCUIT JUDGE.

MANDAMUS—COSTS—JUDGMENT—FINAL ORDER—REVIEW ON ERROR
—PARTITION—TAXATION OF COSTS.

On mandamus to compel the judge of a circuit court to tax certain claimed items of costs in favor of the prevailing party following an appeal to the Supreme Court in partition proceedings, the court will decline to order the relief asked for if no final determination and judgment has been reached or entered in the lower court; the cause having been remanded for further proceedings.[1]

Mandamus by Charles S. Tolsma and another against George P. Codd, one of the circuit judges for the county of Wayne, to require respondent to enter an order taxing the costs of relators in certain partition proceedings. Submitted June 29, 1915. (Calendar No. 26,737.)   Writ denied July 23, 1915.

*Arthur E. Schreiter* and *Jasper C. Gates,* for relators.

*James McNamara,* for respondent.

MOORE, J.   This is mandamus to review the action of the circuit judge in declining to tax certain costs. These proceedings grew out of the order of this court when the case was here before.   It is reported in 180 Mich. 79 (146 N. W. 412), and a reference to the opinion will aid in understanding the questions now presented.

The case was remanded for further proceedings, and it was stated:   "Defendants will recover costs of both courts."   Defendants presented for taxation a bill of costs of this court.   The clerk declined to tax the bill

---

[1] As to use of mandamus in the exercise of superintending control over inferior courts, see note in 51 L. R. A. 33.

as presented, but taxed the costs at $82.83. A bill of costs was then presented to the clerk of the lower court for taxation, containing the following items:

"Disbursements of the above-named defendants in the circuit court, $2,196, itemized as follows:

| | |
|---|---:|
| April 18, 1913. Cash paid Massachusetts Bonding & Insurance Company, premium on bond appearing on pages 24-25 of the printed Supreme Court record........... | $52 00 |
| March 22, 1913. Cash paid county clerk, filing said bond.............................. | 1 00 |
| July 3, 1913. Cash paid Massachusetts Bonding & Insurance Company, appeal bond to stay proceedings...................... | 5 00 |
| July 3, 1913. Cash paid county clerk for filing last said bond......................... | 1 00 |
| One-half fee paid receiver as per circuit court order dated June 11, 1914. Total amount paid receiver, $2,622.95. One-half of this fee paid by defendants.................. | 1,311 47 |
| One-half fees paid commissioners on partition as per circuit court order dated July, 1913. Total fee paid, $1,500. One-half of the same paid by defendants................ | 750 00 |
| One-half attorney fee, paid as per said circuit court order, June 11, 1914. Total fee, $150. One-half of same paid by defendants | 75 00 |
| | $2,195 47" |

This bill of costs was afterward brought on before the circuit judge on a motion for retaxation. Objections were made to the taxation, and affidavits were filed by both parties to the litigation. The return of the circuit judge is in part as follows:

"10. This respondent further shows that after hearing the arguments of counsel for the respective parties, and upon due consideration of all the facts in the whole case, which was tried before this respondent in the Wayne circuit, this respondent denied the proposed taxation of costs for the following reasons:

"(a) Because the item of $52 for cash paid the Massachusetts Bonding Company, for a bond covering

the proposal made by the defendants and appellants after the decision of respondent, was a matter not involved in the issues being tried in said cause, and was made merely for the personal convenience of said defendants and appellants, and therefore not legally taxable in said cause.

"(*b*) That the $1 paid to the county clerk for filing said bond was part and parcel of the same proceeding, and not legally taxable therein.

"(*c*) That the $5 paid the Massachusetts Bonding Company, to stay the proceeding in said cause, and the $1 paid the county clerk as a fee for filing the same, formed no part of the legal costs incurred in said cause according to the issues framed therein.

"(*d*) That the receiver, appointed for the purpose of conserving the assets of all of the parties to said estate, is still acting in said capacity, and if any part of the costs for the payment of the receiver is legally taxable under the decision of this court in said cause, it can only be taxed after said receiver has completed the work for which he was appointed at the joint solicitation of the parties, all of which can only be determined when said case is finally disposed of in the circuit court for Wayne county, where it is now pending.

"(*e*) That in the cause each of the parties appointed a commissioner to represent their respective interests, with the understanding that each of the parties was to defray the expense of such appointment; that the third commissioner was appointed by this court with the understanding that each of the parties hereto would pay a half of the expenses incurred by such commissioner; that all of such expenses have been paid according to the understanding and agreement of the parties hereto; that said cause is now pending before the circuit court for Wayne county for a final determination, and if the expense incident to such appointment can be legally taxable against the defeated party it cannot be taxed at the present time, or, *until a final order or decree is made and entered in said cause.*

"(*f*) That the attorney fee of $75 for legal advice to the receiver is not a charge growing out of the issues involved in this cause; and, as each of the parties hereto have paid their proportionate share thereof, the whole matter should await final determination of the circuit court for Wayne county."

It is clear from the return of the circuit judge that the case is still pending before him, and that no final order or decree has been entered therein. We think the reasons given by him are adequate, and decline to interfere by mandamus now.

Writ is denied.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.