PEOPLE *v.* BROAS.

CRIMINAL LAW—JURISDICTION OF POLICE JUDGE IN ABSENCE OF JUSTICE—REGULARITY OF PROCEEDINGS.

Proceedings before a city police judge, acting in the absence of the justice of the peace, as provided in Act No. 399, Local Acts 1905, tit. 7, § 13, at a preliminary examination, in which defendant was held for trial for violating the prohibition law outside of the city, *held,* regular and proper, over defendant's objection that they were void because the absence or disability of the justice of the peace was not affirmatively shown.    BIRD, J., dissenting.

Criminal Law, 16 C. J. § 570.

Exceptions before judgment from Jackson; Parkinson (James A.), J.    Submitted June 16, 1927. (Docket No. 104.)    Decided October 3, 1927.

Harry Broas was convicted of violating the liquor law.    Affirmed.

*George A. Henigan,* for appellant.

*William W. Potter,* Attorney General, *Harry E. Barnard,* Prosecuting Attorney, and *Harry D. Boardman,* Assistant Prosecuting Attorney, for the people.

BIRD, J. (*dissenting*).    Defendant was informed against in the Jackson circuit court for possessing and transporting intoxicating liquor in the township of Grass Lake, Jackson county, on the 10th day of January, 1927.    He was convicted, and files exceptions before sentence.

It appears that on the 10th day of January, 1927, word was communicated to the sheriff's force at Jackson that a Ford coupé, loaded with intoxicating liquor, was on its way to Battle Creek, and that it would pass Jackson some time in the afternoon of that date. With this information two deputies drove east on M-17, and late in the afternoon ran into a man who was driving such a car as had been described to them. He was stopped, and the following conversation took place:

"I asked him where he was going, and he said 'Battle Creek.'    I says 'What have you got in the car?'    He says, 'Here is the key, look.    I have not got anything.' I unlocked the back hood of the coupé and raised it up and he had 30 gallons of liquor in it.    *    *    *    I told him he was under arrest and I would have to take him to the sheriff's department."

A motion was made by defendant to suppress the evidence, on the ground of an illegal search and because the officer did not have legal provocation to

arrest him.    This motion was denied.    The officer testified that his information came from a reliable source, and that he acted upon it.

1. Defendant's counsel raises the following objection:

"*First.* Did the court err in refusing to grant respondent's motion to quash the information because of the fact that the arrest of respondent and the seizure of his automobile was made by the officer in the case without reasonable grounds to believe that the respondent was engaged in the commission of a felony at the time and place of his arrest?"

. This arrest occurred under circumstances so like those in the case of *People* v. *Bringardner,* 233 Mich. 449, and the questions raised are so similar, that we think this case must be ruled by that one.    The officer who apprehended defendant told practically the same story that the officer in that case testified to. If the officer in the present case testified truthfully, defendant invited the search.    If he did, he ought not to be permitted to complain because the officer did what he was invited to do.

The defendant makes the further point that:

"The respondent was precluded at the trial in this case from finding out whether or not the information had by the officer and the source of it was reliable, and the respondent in this case has never had an opportunity to determine whether or not said information was received from sources apparently so reliable that a prudent and careful person, having due regard for the rights of others, would act thereon."

This appears to be a meritorious question, but we do not think the defendant is in any position to raise the question.    Upon the trial, when the prosecuting attorney was endeavoring to develop that phase of the case, defendant's counsel objected, and the trial court sustained the objection.    So far as the record

shows, defendant's counsel was responsible for that testimony being rejected, and, therefore, he cannot now complain of its absence.    So far as these points are concerned, we think there was no error.

2. Counsel's second objection is:

"Did the police judge have the right to act in the place of the justice of the peace in the city of Jackson, Michigan, in accepting the complaint, issuing the warrant, arraigning the respondent, holding the examination, binding the respondent over to the circuit court for trial and making the justice's return as to said proceedings without affirmatively showing the absence, inability, or disability of the justice of the peace of the city of Jackson, Michigan?"

It appears that defendant was taken before the police judge, whose criminal jurisdiction was confined to the city of Jackson.    The charter of the city of Jackson, however, provides that the police court may act "in the absence, inability, or disability of the justice of the peace provided for by this act"   *   *   *   (Act No. 399, Local Acts 1905, tit. 7, § 13).    Counsel complains that there was nothing in the proceedings, in the complaint, warrant, or return to show that any contingency which is stated in the statute existed, and for that reason the proceedings are void.

Defendant was arrested outside and beyond the jurisdiction of the police justice.    If the justice were absent, unable or disabled to act, then the police justice had the authority to act, but this authority must be shown affirmatively by the record of the proceedings. *Chandler* v. *Nash*, 5 Mich. 409; *Elliott* v. *Dudley*, 8 Mich. 62; *Allen* v. *Carpenter*, 15 Mich. 32; *Wall* v. *Trumbull*, 16 Mich. 235; *Weimer* v. *Bunbury*, 30 Mich. 219.

The police court of Jackson is a statutory court and of limited jurisdiction.    The act conferring authority on the police justice to act in certain contingencies as

a justice of the peace provides for a court of limited and special jurisdiction while so acting as such justice. 15 C. J. p. 982.

"A court of special, limited, or inferior jurisdiction must by its record show all essential or vital jurisdictional facts of its authority to act in the particular case, and in what respect it has jurisdiction. This rule also applies to jurisdiction over special statutory proceedings exercised in derogation of, or not according to, the course of the common law (*Chandler* v. *Nash,* 5 Mich. 409). So the necessary jurisdictional facts must affirmatively appear by averment and proof to bring the case within the jurisdiction of such courts. *Denison* v. *Smith,* 33 Mich. 155." 11 Cyc. p. 696.

"And where a justice acts in place of the regular justice, the facts as to the disability of the latter, which show the jurisdiction of the acting justice, must appear on the record." 24 Cyc. p. 498.

See, also, *City of Muscatine* v. *Steck,* 7 Iowa, 505; *Inman* v. *Whiting,* 70 Me. 445; *Rahilly* v. *Lane,* 15 Minn. 447.

Inasmuch as the jurisdiction of the police justice in matters pertaining to the office of the justice of the peace is special and limited, we think the records and proceedings should show the jurisdictional fact. If it did not, the proceedings are void. After a motion was made by defendant to quash the information on this ground, the prosecuting attorney applied for, and got, permission of the circuit judge for a further return. Whether a further return was made or not is not fairly disclosed by the record, but we think it is immaterial in either event. If the proceedings were void a further return would not aid it by way of amendment.

We think this point is well taken and the proceedings should be set aside and the defendant discharged.

SNOW, J. The precise question involved here, viz.,

the validity of proceedings before the police judge, is also before us in *People* v. *Allen, ante,* 491. As there stated, I am satisfied they were valid. The absence and consequent disability of the justice of the peace are unquestioned, as is also the right of the police judge to perform his duties during their continuance. That is to say, the jurisdiction of the police judge is not in contest. Such jurisdiction rests upon the fact of the justice being unable to act, not from merely claiming it. Stating it in the process, if not true, would not confer jurisdiction, nor does failure to state it, if true, take jurisdiction away. The facts which gave the police judge jurisdiction fully appeared elsewhere in the record of the case, and in the complaint and warrant also the police judge was designated as "acting justice of the peace."

The defendant has not been injured or deprived of any right. He was complained against and held for trial before an official who had the unquestioned right to issue a warrant for his arrest. All the proceedings were regular and proper, and defendant's conviction is therefore affirmed.

SHARPE, C. J., and STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred with SNOW, J.